RYAN M. SALZMAN (SBN 299923)
Ryan.Salzman@dbr.com
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067-1517
Telephone: 310-203-4000
Facsimile: 310-229-1285

Attorneys for
SIGMANET INC.; CONVERGEONE, INC.;
CONVERGEONE HOLDINGS, INC. and
CONVERGEONE SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AK&B VENTURES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SIGMANET INC.; CONVERGEONE, INC.; CONVERGEONE HOLDINGS; CONVERGEONE SOLUTIONS; and DOES 1 to 30, inclusive,<br><br>Defendants.<br><br>CONVERGEONE, INC. and CONVERGEONE HOLDINGS, INC.,<br><br>Counterclaimants,<br><br>v.<br><br>AK&B VENTURES, LLC,<br><br>Counterclaim Defendant. | Case No. 5:19-CV-00565-RGK-JEM<br><br>**DEFENDANTS' ANSWER TO COMPLAINT AND DEFENDANTS' COUNTERCLAIM; DEMAND FOR JURY TRIAL**<br><br>Judge: Honorable R. Gary Klausner<br>Courtroom: 850<br><br>Complaint Filed: February 6, 2019 |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' ANSWER TO COMPLAINT AND
COUNTERCLAIM; DEMAND FOR JURY TRIAL

CASE NO. 5:19-CV-00565-RGK-JEM

Defendants SIGMANET INC., CONVERGEONE, INC., CONVERGEONE HOLDINGS, Inc. and CONVERGEONE SOLUTIONS, Inc. (collectively, "Defendants") by and through their undersigned attorneys Drinker Biddle & Reath LLP, hereby answer Plaintiff AK & B Ventures, LLC's ("Plaintiff") complaint ("Complaint") as follows:

## JURISDICTION AND VENUE

1. The allegations of Paragraph 1 consist of legal conclusions to which no response is required.

2. The allegations of Paragraph 2 consist of legal conclusions to which no response is required.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

## PARTIES

4. Defendants admit the allegations in Paragraph 4.

5. The allegations of Paragraph 5 consist of legal conclusions to which no response is required.

6. The allegations of Paragraph 6 consist of legal conclusions to which no response is required.

7. Defendants deny the allegations set forth in Paragraph 7 insofar as Defendants removed the action to federal court under diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

8. The allegations of Paragraph 8 consist of legal conclusions to which Defendants believe no response is required, however to the extent any response is required, Defendants deny the allegations of Paragraph 8.

9. The allegations of Paragraph 9 consist of legal conclusions to which Defendants believe no response is required, however to the extent any response is required, Defendants deny the allegations of Paragraph 9.

///

10. The allegations of Paragraph 10 consist of legal conclusions to which Defendants believe no response is required, however to the extent any response is required, Defendants deny the allegations of Paragraph 10.

11. The allegations of Paragraph 11 consist of legal conclusions to which no response is required.

## FIRST CLAIM FOR RELIEF

(Breach of Contract)

BC-1. Defendants admit the allegations of Paragraph BC-1.

BC-2  Defendants deny the allegations of Paragraph BC-2.

BC-3  Defendants deny the allegations of Paragraph BC-3.

BC-4  Defendants deny the allegations of Paragraph BC-4.

BC-5  Defendants deny the allegations of Paragraph BC-5.

BC-6  The allegations of Paragraph BC-6 consist of legal conclusions to which no response is required.

## SECOND CLAIM FOR RELIEF

(General Negligence)

GN-1. Defendants deny the allegations of Paragraph GN-1.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, because they fail to allege facts sufficient to constitute a cause of action upon which relief can be granted.

2. The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, to the extent Plaintiff's purported claims fall outside of the applicable statutes of limitation, including but not limited to, California Code of Civil Procedure sections 337, 337.1 337.2, 338, 338.1, 339, 340 and 343.

3. The Complaint, and each cause of action and request for relief alleged therein, is barred, in whole or in part, by the doctrine of unclean hands.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR JURY TRIAL

- 3 -

CASE NO. 5:19-CV-00565-RGK-JEM

4. Plaintiff is estopped from pursuing the Complaint, and each cause of action alleged therein, by reason of its own actions and course of conduct.

5. Plaintiff's Complaint, and each and every purported claim asserted therein, is barred, in whole or in part, by the doctrine of laches.

6. If Plaintiff suffered any damages whatsoever, which Defendants deny, Plaintiff's own acts, omissions, negligence, failure to exercise reasonable care for Plaintiff's own wellbeing and/or breaches of other contractual, fiduciary, or legal duties were the proximate and/or contributing causes of any damages incurred by Plaintiff. Such conduct by Plaintiff comparatively reduces, or completely bars, the liability, if any, of Defendants.

7. If Plaintiff suffered any damages whatsoever, which Defendants deny, such damages were caused by the acts of persons and/or entities other than Defendants.

8. Even assuming for the sake of argument that Defendants have acted or failed to act as alleged in the Complaint, which Defendants expressly deny, such acts or failure to act are not the proximate cause of any damage alleged in the Complaint.

9. Plaintiff's requests for relief in the Complaint are barred, in whole or in part, to the extent that Plaintiff failed to mitigate its alleged damages.

10. Plaintiff has suffered no damages as a result of the acts and conduct of Defendants as alleged in the Complaint, or at all.

11. Defendants are informed and believe, and on such information and belief, allege that Plaintiff engaged in conduct that constitutes a waiver of its rights.

12. Plaintiff, by its own acts, conduct and/or omissions, has ratified the acts, conduct and omissions, if any, of Defendants; therefore, Plaintiff is barred from seeking any relief from Defendants.

13. Plaintiff's Complaint and each cause of action therein is barred by the doctrine of consent.

14. Defendants are informed and believe and on such information and belief allege that Plaintiff's damages, if any, were directly and proximately caused by the negligent or wrongful conduct of a third party and that this negligent or wrongful conduct was an intervening, superseding cause of plaintiff's purported damages.

15. The Complaint, and each cause of action therein, is barred, in whole or in part, because the damages, if any, suffered by Plaintiff as a result of Defendants' alleged acts must be set off against monies already received by Plaintiff and/or damages caused to Defendants by Plaintiff.

16. The Complaint, and each cause of action therein, is barred, in whole or in part, by the doctrine of accord and satisfaction.

17. The Complaint, and each cause of action alleged therein, is barred because Defendants are informed and believe and thereon allege that Plaintiff was guilty of willful misconduct and proximately contributed to the occurrence of the events complained of in the Complaint and the damage alleged to have been suffered therein, and Plaintiff is therefore precluded from such recovery, if any.

18. The Complaint, and each cause of action alleged therein, is barred because performance of any obligation allegedly owed to Plaintiff has been excused by the acts and omissions of Plaintiff or its agents.

19. Defendants committed no wrongful acts as to Plaintiff and, therefore, are not responsible for the damages claimed by Plaintiff, if any.

20. Defendants are informed and believe and thereon allege that Plaintiff's alleged losses, if any, are speculative and/or uncertain, and therefore, not compensable.

21. The Complaint, and each cause of action alleged therein, fails to state

facts and/or a claim sufficient for recovery of treble damages pursuant to California Civil Code section 732.

22. The Complaint, and each cause of action contained therein, is barred because the damages sought by Plaintiff is not available and/or recoverable, including, without limitation, tort damages.

23. Defendants do not currently have sufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses or counterclaims available. Defendants reserve all defenses under the Federal Rules of Civil Procedure, the laws of the State of California, and any other defenses, at law or equity, that may now exist or in the future will be available based on discovery, investigation, or analysis in this case.

## COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 12 and/or 13, and by these Counterclaims, Defendants and Counterclaimants CONVERGEONE, INC. and CONVERGEONE HOLDINGS, INC. ("Counterclaimants") seek relief against Plaintiff and Counterclaim Defendant AK & B Ventures, LLC ("AK&B" or "Counterclaim Defendant"), and allege as follows:

### THE PARTIES

1. Counterclaimant ConvergeOne, Inc. is and was a Minnesota corporation organized and existing under and virtue of the laws of the state of Minnesota with its principal offices located at 10900 Nesbitt Avenue South, Bloomington, Minnesota 55437.[1]

2. Counterclaimant ConvergeOne Holdings, Inc. is and was a Delaware corporation organized and existing under and virtue of the laws of the

---

[1] This Counterclaim is asserted on behalf of the entities set forth above, as SIGMAnet, Inc. merged into ConvergeOne, Inc. on March 31, 2017 and ConvergeOne Solutions, Inc. merged into North American Communications Resource, Inc., now known as ConvergeOne, Inc., on December 31, 2015, both of which mergers occurred prior to AK&B's filing of the underlying Complaint.

1 state of Delaware with its principal offices located at 10900 Nesbitt Avenue South, Bloomington, Minnesota 55437.

3. Counterclaimants are informed and believe and thereon allege that all times relevant hereto, Counterclaim Defendant AK&B Ventures, LLC is and was a California limited liability company organized and existing under and by virtue of the laws of the state of California with its principal place of business in the County of Los Angeles, State of California.

4. On February 6, 2019 AK&B initiated this action by filing its Complaint. In its Complaint, AK&B asserts claims for Breach of Contract, Breach of Guaranty and Negligence against Counterclaimants, SIGMAnet, Inc., and ConvergeOne Solutions, Inc. A copy of the Complaint is on file with the Court.

5. Based on AK&B's filing of the Complaint, an actual controversy has arisen and now exists between the parties.

6. By way of this Counterclaim, Counterclaimants seek damages, penalties, fees and interest related to AK&B's Breach of Contract and wrongful withholding of Counterclaimants' security deposit, as set forth more fully below.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1332, 1367 and 1441.

8. This Court has personal jurisdiction over AK&B as does business in California, and Counterclaimants are citizens of other states affording the Court proper diversity jurisdiction.

9. Venue is proper in this district as AK&B does business within the district.

## GENERAL ALLEGATIONS

10. On information and belief, from 2004 to 2015, AK&B leased the subject commercial property located at 4290 Brickell Street, Ontario, California

91761 ("Property") to SIGMAnet, Inc. under an AIR Commercial Real Estate Association Standard Industrial/Commercial Multi-Tenant Lease ("Lease"). During the aforesaid time period, SIGMAnet, Inc. was a subsidiary and/or affiliate of AK&B.

11. On or about December 11, 2015, Counterclaimant ConvergeOne Solutions, Inc. purchased the capital stock of SIGMAnet, Inc. from its shareholders thereby acquiring SIGMAnet, Inc.

12. On or about March 8, 2016, AK&B and SIGMAnet, Inc., A ConvergeOne Company, entered into a lease addendum extending the term of the Lease to run for a three (3) year period commencing as of January 1, 2016 and ending December 31, 2018 ("2016 Lease"). The 2016 Lease is attached to Counterclaim Defendant AK&B's Complaint as Exhibit A, on file with this Court.

13. On information and belief, among other obligations, under the 2016 Lease, SIGMAnet Inc., A ConvergeOne Company, paid AK&B a security deposit in the amount of $45,000.00 ("Security Deposit"). ConvergeOne Holdings, Inc. and ConvergeOne Solutions, Inc. executed a Guaranty of Lease for SIGMAnet Inc., A ConvergeOne Company related to the 2016 Lease.

14. On December 31, 2018, the 2016 Lease expired by its own term, and SIGMAnet Inc., A ConvergeOne Company vacated and returned control of the Property to Counterclaim Defendant in substantially the same condition as Counterclaimants took possession of the Property from Counterclaim Defendant in or around December 2015, ordinary wear and tear excepted.

15. Pursuant to Section 5 of the 2016 Lease, "Within 14 days after the expiration or termination of this Lease, if Lessor elects to apply the Security Deposit only to unpaid Rent, and otherwise within 30 days after

the Premises have been vacated pursuant to Paragraph 7.4(c) below, Lessor shall return that portion of the Security Deposit not used or applied by Lessor."

16. Subsequent thereto, and within 30 days of vacating the premises, Counterclaimants demanded return of the Security Deposit from Counterclaim Defendant. To date, Counterclaim Defendant has wrongfully withheld and failed to return the Security Deposit to Counterclaimants.

## FIRST COUNTERCLAIM

### (Breach of Contract Against AK&B)

17. Counterclaimants reallege and incorporate herein by this reference the preceding paragraphs as though set forth fully herein.

18. Counterclaimants have performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of the 2016 Lease, except for those acts that have been prevented, delayed, or excused by acts or omissions of Counterclaim Defendant and/or its agents.

19. Counterclaimants are informed and believe, and based thereon allege that Counterclaim Defendant breached the 2016 Lease by, among other things, retaining Counterclaimants' Security Deposit after being properly notified of Counterclaimants' intent to vacate the Property and demand for return of the Security Deposit.

20. As a direct and proximate result of the breaches by Counterclaim Defendant, Counterclaimants have been damaged in an amount subject to proof at the time of trial.

## SECOND COUNTERCLAIM

### (Wrongful Withholding of Security Deposit Against AK&B)

21. Counterclaimants reallege and incorporate herein by this reference the

preceding paragraphs as though set forth fully herein.

22. Counterclaimants vacated the Property on or about December 31, 2018. When Counterclaimants vacated the Property, they were not in default as to the payment of rent, or in default of any other provisions of the 2016 Lease.

23. Notwithstanding Counterclaimants' compliance with all conditions of the 2016 Lease, Counterclaim Defendant refused, and continues to refuse, to return Counterclaimants the sum deposited as a Security Deposit.

24. As a proximate result of Counterclaim Defendant's actions and omissions, Counterclaimants have been damaged in an amount to be proven at the time of trial, with interest thereon and any and all statutory penalties available, including but not limited to those available under Civil Code Section 1950.7.

25. Counterclaim Defendant's retention of Counterclaimants Security Deposit is in bad faith and without cause and subjects Counterclaim Defendant to actual damages in addition to all statutory penalties available, including but not limited to those available under California Civil Code Section 1950.7.

## PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaimants pray for judgment in their favor and against Plaintiff and Counterclaim Defendant on all claims as follows:

1. An award of damages in an amount to be determined at trial on Counterclaimants' counterclaims, including any statutory penalties available, including but not limited to those available under California Civil Code Section 1950.7, and interest on all sums due and owing by Counterclaim Defendant;

2. The return of Counterclaimants' Security Deposit;

3. That Plaintiff and Counterclaim Defendant take nothing by way of the Complaint;

4. That the Complaint, and each and every claim for relief therein, be dismissed with prejudice and that judgment be entered in favor of Defendants and Counterclaimants, and against Plaintiff and Counterclaim Defendant;

5. That Counterclaimants be awarded costs of suit incurred herein, including attorneys' fees and expenses to the extent permitted by law, contract or otherwise; and

6. That Counterclaimants be awarded such other and further relief as the Court deems just and proper.

Dated: April 4, 2019     DRINKER BIDDLE & REATH LLP

By: /s/ Ryan M. Salzman
       Ryan M. Salzman

Attorneys for Defendants
SIGMANET INC.; CONVERGEONE, INC.; CONVERGEONE HOLDINGS and CONVERGEONE SOLUTIONS

## DEMAND FOR TRIAL BY JURY

Defendants and Counterclaimants SIGMANET INC., CONVERGEONE, INC., CONVERGEONE HOLDINGS and CONVERGEONE SOLUTIONS hereby demand a trial by jury in this matter as to all applicable causes of action.

Dated: April 4, 2019

DRINKER BIDDLE & REATH LLP

By: */s/ Ryan M. Salzman*
     Ryan M. Salzman

Attorneys for Defendants
SIGMANET INC.; CONVERGEONE, INC.; CONVERGEONE HOLDINGS and CONVERGEONE SOLUTIONS

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and not a party to the within entitled action; my business address is 1800 Century Park East, Suite 1500, Los Angeles, California 90067.

     On April 4, 2019, I served the foregoing **"DEFENDANTS' ANSWER TO COMPLAINT AND DEFENDANTS' COUNTERCLAIM; DEMAND FOR JURY TRIAL"** on the interested parties, by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

Kamel A. Bilal, Esq.
Bilal Law Group
701 N. Brand Blvd., Suite 840
Glendale, CA 91203
(818) 553-1616
(818) 211-0543--Fax

[X] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing mail. Under that practice, it is deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter dates is more than one day after date of deposit for mailing in affidavit.

[X] (VIA ELECTRONIC SERVICE) Based on the U.S. District Court, Central District CM/EFC electronic transmission.

[ ] (BY PERSONAL SERVICE) I delivered such envelope by hand to the addressee(s) above.

[ ] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: April 4, 2019

*Wilhelmina K. Ackart*
Wilhelmina K. Ackart

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR JURY TRIAL

- 13 -

CASE NO. 5:19-CV-00565-RGK-JEM