1   KAMAL A. BILAL (State Bar. No. 214892)
    kb@bilallawgroup.com
2   Bilal Law Group
    701 North Brand Boulevard #840
3   Glendale, CA  91203
    Telephone: (818) 553-1616
4
    ROBERT M. UNGAR (State Bar No. 102007)
5   rmu@ungarlaw.com
    2190 N Beverly Glen Blvd.
6   Los Angeles, CA 90077
    Telephone: (310) 405-1884
7
    **Attorneys for Plaintiff:**
8   AK&B Ventures, LLC

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13   AK&B VENTURES, LLC,              CASE NO.  5:19-CV-00565-RGK-JEM

14              Plaintiff,            Assigned For All Purposes to the
                                      Honorable R. Gary Klausner
15   v.                               Courtroom: 850

16   SIGMANET, INC.; CONVERGEONE      **AMENDED COMPLAINT FOR**
     INC.; CONVERGEONE HOLDINGS;      **MONEY DAMAGES**
17   CONVERGEONE SOLUTIONS; AND
     DOES 1 TO 30, inclusive,
18                                    California Superior Court Action
                Defendants           Filed:  February 6, 2019
19

20

21

22

23           <u>**COMPLAINT FOR MONEY DAMAGES**</u>

24       Plaintiff, AK&B Ventures, LLC ("Plaintiff"), alleges as follows:

25                    **THE PARTIES**

26       1.      Plaintiff is a California limited liability company with its principal

27   place of business in Chino Hills, California.

28
                              1

2. Defendant Sigmanet, Inc. ("Sigmanet") was a California corporation doing business within this district. Plaintiff is informed and believes and thereupon alleges that in 2017 Defendant Sigmanet, Inc. merged into Defendant Convergeone, Inc., ("Convergeone") a Minnesota corporation, and Convergeone is the successor in interest of Sigmanet.

3. Plaintiff is informed and believes and thereupon alleges that Defendant Convergeone Solutions ("Solutions") was a Minnesota corporation that in 2017 merged into Convergeone, and Convergeone is the successor in interest of Solutions.

4. Plaintiff is informed and believes and thereupon alleges that Defendant Convergeone Holdings ("Holdings") is a Delaware corporation.

5. The true names of Defendants sued as Does are unknown to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to show the true names and capacities of such Defendants when the same have been ascertained.

## JURISDICTION AND VENUE

6. Plaintiff filed this lawsuit in the Los Angeles Superior Court. Defendants caused this lawsuit to be removed from the Los Angeles Superior Court to this Court. Defendants contend that this Court has jurisdiction over the subject matter of this lawsuit and that the Central District of California is the proper venue.

## GENERAL ALLEGATIONS

7. Plaintiff is, and at all relevant times referred to in this Complaint was, the owner of the industrial real property and improvements located at 4290 Brickell Street, Ontario, California (the "Ontario Property"). The improvements consisted principally of a 96,000 square foot stand-alone warehouse building and parking lot.

8. In or about April of 2004, Plaintiff leased the Ontario Property to Sigmanet in writing for a term of five (5) years, a copy of the written lease being attached hereto as Exhibit A (the "2004 Lease").

.      9.      From time to time beginning in 2009, the term of Sigmanet's leasehold of the Ontario Property was extended and the number of rentable square feet was reduced from 96,800 square feet to approximately 60,000 square feet (Sigmanet's 60,000 square foot leasehold and use of common areas in the Ontario Property being hereinafter referred to as the "Premises"). In 2016, Plaintiff and Sigmanet agreed in writing to further extend the term of Sigmanet's leasehold of the Premises for the period commencing January 1, 2016 through December 31, 2018, a copy of that written agreement being attached hereto as Exhibit B (the "2016 Lease").

10.      Between April 2004 and December 31, 2018, Sigmanet was at all times in possession of the Premises.

11.      Between April 2004 and December 31, 2018, Sigmanet or Convergeone made or caused to be made alterations to the Premises. Alterations made by Sigmanet to the Premises between 2004 and 2015 were performed with Plaintiff's prior consent.

12.      Between in or about January 2016 and December 2018, Sigmanet and Convergeone made or caused to be made alterations to the Premises without Plaintiff's consent.

13.      Between in or about January 2016 and December 2018, Sigmanet and Convergeone damaged the Premises and allowed the Premise to fall into a state of disrepair, including the electrical, mechanical, plumbing, and HVAC building systems, roof, walls, floors, and exit signs.

14.      On or about November 21, 2018, Plaintiff notified Sigmanet and Convergeone, in writing, that prior to Sigmanet and Convergeone vacating the Premises at the expiration of the lease term, Sigmanet and Convergeone remove all alterations made or caused to be made by Sigmanet and Convergeone to the Premises, and surrender possession of the Premises "broom clean and free of debris, and in good operating order, condition, and state of repair, ordinary wear and tear excepted".

15.     Sigmanet and Convergeone vacated the Premises on or about December 31, 2018 without having removed the alterations, and leaving the Premises unclean, full of debris, damaged, and in a state of disrepair, including the electrical, mechanical, plumbing and HVAC building systems.

**FIRST CAUSE OF ACTION**

(Breach of Contract)

As and for a First Cause of Action (Breach of Contract) against Defendants Sigmanet and Convergeone, Plaintiff alleges:

16.     Plaintiff realleges and incorporates by reference herein the preceding paragraphs as if fully set forth at length.

17.     Under the 2004 Lease and the 2016 Lease, Sigmanet made the following covenants:

(a) Section 7.1(a) – to keep the premises, improvements and alterations in good order, condition and repair, including the obligation to make restorations, replacements, and renewals to maintain the good order, condition and repair of the premises, improvements, and alterations.

(b) Section 7.1(b) – to procure and maintain service provider contracts for the maintenance and repair of HVAC equipment.

(c) Section 7.3(b) – not to make alterations without first obtaining Plaintiff's written consent.

(d) Section 7.4(b) – to remove all alterations to the Premises made by Sigmanet or Convergeone before the termination of the tenancy.

(e) Section 7.4(c) – to surrender the Premises to Plaintiff "broom clean and free of debris, and in good operating order, condition, and state of repair, ordinary wear and tear excepted".

18.     Between in or about January 2016 and December 2018, Sigmanet and Convergeone materially breached each of the covenants set forth in Paragraph 17 by:

4

(a) failing to keep the Premises, improvements and alterations in good order, condition and repair, including the electrical, plumbing, mechanical, and HVAC building systems.

(b) failing to procure and maintain service provider contracts for the maintenance and repair of HVAC equipment servicing the Premises and used by Sigmanet and Convergeone, and thereby allowing the HVAC equipment to be damaged and fall into a state of disrepair.

(c) making alterations, or causing alterations to be made, to the Premises without Plaintiff's prior consent.

(d) failing to remove all alterations made or caused to be made to the Premises by Sigmanet or Convergeone prior to vacating the Premises.

(e) at the termination of its tenancy, failing to surrender the Premises to Plaintiff broom clean and free of debris, and in good operating order, condition, and state of repair, ordinary wear and tear excepted.

19. Plaintiff has duly performed all covenants and conditions on Plaintiff's part to be performed under the 2004 Lease and the 2016 Lease, excepting those covenants and conditions that Plaintiff has been prevented or excused from performing.

20.    As a result of Sigmanet's and Convergeone's breach of the covenants set forth in Paragraph 17, above, the cost to repair and restore the Premises will include:

(a) removing alterations made by Sigmanet or Convergeone that should have been removed by Sigmanet and Convergeone upon terminating the tenancy, including partitions, flooring, modular units, mechanical, electrical, and plumbing alterations, panels, warehouse fencing and racks, and signs;

(b) repairs to the Premises, including electrical systems, exit signs, plumbing systems, bathroom fixtures, warehouse highbay lighting, electrical panels and transformers, electrical conduit and wiring, electrical safety system, ceiling tile and

5

T-bar system, roof, walls, cabinetry, flooring, roll up doors, dock doors, demising wall door, curbs, parking lot sections, HVAC rooftop units, thermostats, and HVAC systems, that Sigmanet and/or Convergeone damaged and failed to repair and maintain in good working order;

(c) putting the Premises into the condition Sigmanet and Convergeone were obligated to return to Plaintiff - broom clean and free of debris, and in good operating order, condition, and state of repair, ordinary wear and tear excepted;

(d) lost rentals during the period of time needed to remove alterations, repair damage, and restore the Premises to the condition that Sigmanet and Convergeone were obligated to return to Plaintiff.

21.   As a result of the actions, inactions and omissions of Sigmanet and Convergeone and the breaches of the 2004 Lease and 2016 Lease as set forth above and as may otherwise be shown through proof at the time of trial, Plaintiff herein seeks general, compensatory and consequential damages in amount estimated to be not less than $790,000.00 and all to be shown in accordance with proof at the time of trial.

22.   Under the 2004 Lease and the 2016 Lease, the prevailing party is entitled to recover their reasonable attorneys fees. Plaintiff has engaged counsel to prosecute this action and seeks an award of reasonable attorneys fees according to proof.

## SECOND CAUSE OF ACTION

### (Breach of Written Guaranty)

As and for a Second Cause of Action (Breach of Written Guaranty) against Defendants Convergeone, Solutions, and Holdings, Plaintiff alleges:

23.   Plaintiff realleges and incorporates by reference herein the preceding paragraphs as if fully set forth at length.

24.   In or about March of 2016, Defendants Solutions and Holdings delivered to Plaintiff their written guaranty of the 2016 Lease, a copy of the written

guaranty being attached to this Complaint as the last page of Exhibit B - the 2016 Lease (the "Guaranty of Lease"), wherein Solutions and Holdings guaranteed, amongst other things, the faithful and prompt performance by Sigmanet of each and every one of Sigmanet's covenants under the 2016 Lease.

25.     Under the Guaranty of Lease, and without prior notice of default, Plaintiff may proceed immediately against Solutions and Holdings following any breach or default by Sigmanet under the 2016 Lease or for the enforcement of any rights which Plaintiff may have against Sigmanet under the terms of the 2016 Lease, at law or in equity.

26.     All conditions for Solutions' and Holdings' payment and performance obligations under the Guaranty of Lease have now occurred because, as set forth above, Sigmanet failed to perform covenants on its part to be performed under the 2016 Lease.

27.     Plaintiff has fully performed all conditions, covenants and acts required under the 2016 Lease and Guaranty of Lease as a precondition for the payment and performance obligations of Solutions and Holdings under the Guaranty of Lease, unless such acts have been excused or otherwise not yet due.

28.     Defendants Solutions and Holdings have failed to perform those Sigmanet covenants under the 2016 Lease set forth in Paragraph 17, above. Solutions and Holdings have no valid excuse for failing to perform those obligations of Sigmanet.

29.     As a result of the breach by Solutions and Holdings of their Guaranty of Lease, Plaintiff has been damaged in amount estimated to be not less than $790,000.00 and all to be shown in accordance with proof at the time of trial.

30.     Under the Guaranty of Lease, the prevailing party is entitled to recover their reasonable attorneys fees. Plaintiff has engaged counsel to prosecute this action and seeks an award of reasonable attorneys fees according to proof.

**THIRD CAUSE OF ACTION**

(Negligence)

As and for a Third Cause of Action (Negligence) against Defendants Sigmanet and Convergeone, Plaintiff alleges:

31.    Plaintiff realleges and incorporates by reference herein the preceding paragraphs as if fully set forth at length.

32.    At the time of termination of Sigmanet and Convergeone's tenancy, the damage to and condition of the Premises was in whole or in part as a result of the negligence and careless actions, inactions and omissions and the reckless conduct of Sigmanet and Convergeone, including failing to repair and properly maintain plumbing, electrical, mechanical, and HVAC building systems, and making alterations without Plaintiff's prior consent.

33.    As a proximate result of the negligent and reckless actions, inactions and omissions of Sigmanet and Convergeone, Plaintiff has suffered and will continue to suffer general, compensatory, and consequential damages, including but not limited to the cost for repairs and restoration of the Premises, as well as resulting from the diminution in the value of the Ontario Property, lost rent and lost use of the Premises, and other amounts that have not been fully ascertained at this time, but all of which will be more specifically shown in accordance with proof at the time of trial.

**FOURTH CAUSE OF ACTION**

(Waste)

As and for a Fourth Cause of Action (Waste) against Defendants Sigmanet and Convergeone, Plaintiff alleges:

34.    Plaintiff realleges and incorporates by reference herein the preceding paragraphs as if fully set forth at length.

35.    Plaintiff is informed and believes and thereupon alleges that Defendants Sigmanet and Convergeone made, or caused to be made, alterations to

8

the Premises, including alterations to the building electrical and mechanical systems that do not conform to applicable California and local building codes and regulations and constitute a danger to persons and property. These unlawful alterations were made without Plaintiff's knowledge or consent. As a result, Sigmanet and Convergeone committed waste on the Premises and rendered the Premises unsafe, unfit for use, and diminished the value of Plaintiff's reversionary interest in the Premises.

36.    At all relevant times, Sigmanet and Convergeone had a duty to preserve and protect the Premises under the 2004 Lease and 2016 Lease.

37.    The damage to the Premises committed by Sigmanet and Convergeone is in excess of the damage expected from the reasonable use and wear from the operations to be conducted by Sigmanet and Convergeone in accordance with the terms of the 2004 Lease and 2016 Lease.

38.    As a result of the waste committed to the Premises by Sigmanet and Convergeone, Plaintiff has suffered and will continue to suffer general, compensatory and consequential damages, inclusive of but not limited to the diminution in value of Plaintiff's reversionary interest in the Premises, and the loss of use and loss of rent from the Premises, all in amounts not yet fully ascertained, but which will be more specifically shown in accordance with proof at the time of trial.

39.    Plaintiff is informed and believes and thereupon alleges that the waste committed by Sigmanet and Convergeone to the Premises was done willfully and subjects Sigmanet and Convergeone to treble damages under *California Civil Code* §732.

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For general compensatory and consequential damages in amount estimated to be not less than $790,000.00 and all to be shown in accordance with proof at the time of trial;

9

1      2.      For treble damages under *California Civil Code* §732;

2      3.      For attorney's fees according to proof;

3      4.      For costs of suit incurred herein;

4      5.      For such other and further relief as this Court deems just and proper.

5  DATED: April 26, 2019

                                     /s/ KAMAL A. BILAL

                                     KAMAL A. BILAL
Attorney for Plaintiff and Counter-Defendant
AK&B Ventures, LLC

COMPLAINT FOR MONEY DAMAGES